Jacob N. Whitehead, Esq. SBN 266123
*jacob@jnwpc.com*
WHITEHEAD EMPLOYMENT LAW
15615 Alton Pkwy, Suite 175
Irvine, CA  92618
Telephone: (949) 936-4001
Facsimile:  (949) 450-1588

Attorneys for Plaintiffs, Trevion Sherman, et. al on behalf of himself
and all others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

|  |  |
|---|---|
| TREVION SHERMAN, et al, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON.COM SERVICES, INC., a Delaware corporation; and DOES 1- 10, inclusive,<br><br>Defendant, | Case No.:  8:9-cv- 1329 (DOC-KES)<br><br>**PLAINTIFFS' AMENDED OPPOSITION TO MOTION TO INTERVENE FOR LIMITED PURPOSE OF STAYING ACTION**<br><br>**Date: September 9, 2019**<br>**Time: 8:30 a.m.**<br>**Dept.: 9D**<br>**Judge: Hon. David O. Carter**<br><br>**[Filed Concurrently with** |

This matter is a class-action brought by Plaintiffs and those similarly situated for, among other things, Defendant, Amazon.Com Services, Inc.'s ("Amazon") failure to comply with the law regarding reporting time pay and for wage and hour claims derived from Amazon's strict quota policies which as implemented, systemically impede Amazon employees' lawful rights.

1

# TABLE OF CONTENTS

Page

I.   MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . .   2

     PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . .   2

     A.   The Reporting Time Pay Claims Neither Factually nor
          Legally Overlap with the Trevino Plaintiffs' Claims . . . .   2

     B.   The Trevino Plaintiffs' Claims Neither Mirror or
          Overlap with Sherman Plaintiffs' Claims Regarding
          Amazon's Strict Production Quota Policy and Practices . .
          . . . . . . . . . . . . . . . .   2

II.  PROCEDURAL FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

     A.   Trevino Does Not Meet the Requirements for
          Intervention by Right . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

     B.   The First to File Rule Does Not Apply . . . . . . . . . . . . . .   10

     C.   Not All of the Causes of Action in Sherman's Complaint
          Are Present in The Operative FAC Filed By Trevino . . . .   5

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

# TABLE OF AUTHORITIES

Page

## CASES

*California ex rel. Lockyear v. United States,* 450 F.3d 436, 441 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*California v. Tahoe Reg. 'l Planning Agency* 792 F. 2d 775, 778 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) . . . . . . . . . . . . . . .  5

*Fireman's Fund Ins. Co. v. Gerlach* 56 Cal. App.3d 299,303 (1st Dist. 1976)  11

*In re Paul W*. 151 Cal. App. 4th 37, 57 (6th Cir. 2007) . . . . . . . . . . . . . . . . . .  11

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.* 544 F. Supp. 2d 949, 957 (N.D. Ca. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Leyva v. Certified Grocers of Cal. Ltd*., 593 F. 2d 857, 863 (9th Cir. 1979)  7

*Royal Indemnity Co. v. United Enterprises, Inc*. 162 Cal. App.4[th] 194 (4th Dist. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*Sierra Club v. E.P.A*. 995 F.3d 147, 1481 (9th Cir. 1993) . . . . . . . . . . . . . . .  5

*United States v. Perry County Bd. of Educ.,* 567 F.2d 277, 279 (5th Cir.1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Wheat v. U.S.* 486 U.S. 153, 159 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

## STATUTES

*Evid. Code Section 3.1306(a), (c)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*FRCP Rule 24(a)*  6

*Industrial Wage Commission's Wage Order No. 2001-9*  2, 7

*Industrial Wage Commission's Wage Order No. 2001-9 (*Section 5)  4, 10

CA *Bus & Prof. Code* Section 17200 et seq.  4

*Lab. Cod. Section 203*  13

*Lab. Cod.* Section 204  4, 10

*Lab. Cod.* Section 210  10

*Lab. Cod.* Section 226  4

*Lab. Cod. Section 226(e)*  10

*Lab. Cod.* Section 1174(d))  4

Table of Contents – Table of Authorities

## I.   MEMORANDUM OF POINTS AND AUTHORITIES
## <u>PRELIMINARY STATEMENT</u>

### A. The Reporting Time Pay Claims Neither Factually Nor Legally Overlap with the *Trevino* Plaintiffs' Claims

In *Sherman,* Plaintiffs chiefly allege that Amazon conducts mass hiring interviews and that those hired are sent a welcome letter and with an assigned date of hire and are instructed where and when to show up.  During the *Sherman* class period, Plaintiffs allege that dozens upon dozens of new hires are or were sent home daily without receiving the requisite minimum reporting time pay in violation of the provisions of the Industrial Wage Commission's Wage Order No. 2001-9 ("IWC Order No. 9").   This was due in part to Amazon facility managers' discretionary decisions with regard to the number of workers needed on any given day and in part due to the excessive presence of excessively false "ineligible to work" flaggings in Amazon's computer system when the newly-hired employees show up for work.  Other claims also unique to the *Sherman* reporting time claims is that Amazon's managers engaged in the practice of telling the *Sherman* Plaintiffs who showed up to work their regularly scheduled shift that they could choose to stay and work for four hours or voluntarily take the time off ("VTO") and just go home.  Despite the fact that such workers were lawfully entitled to reporting time pay, the *Sherman* Plaintiffs (and putative class members) who took Defendant's manipulative bait to choose VTO, were sent home, and were not paid the reporting time pay to which they were entitled the moment they arrived at and reported for work.  This is the chief factual premise No. 1 upon which the *Sherman* Class Action is based.

### B. The *Trevino* Plaintiffs' Claim neither Mirror or Overlap with *Sherman* Plaintiff claims regarding Amazon's Strict Production Quota Policy and Practices

Equally central and unique to the *Sherman* class action are the *Sherman* Plaintiffs claims concerning Amazon's maintenance of a strict production quota policy.  The

*Sherman* Plaintiffs allege that Amazon's quota policies coupled with decidedly disadvantageous locations and insufficient number of restrooms in Amazon's massive warehouse facilities (e.g. the one million square foot facility in Riverside) and equal disadvantageous locations of suitable resting facilities prohibit employees from getting actual rest breaks, as they are required to trek as long as seven minutes to reach the nearest restroom or breakroom and an average seven-minute trek back to their work stations. Because it is Amazon's policy that the production clock *does not stop when employees need to use the restroom facilities*, a substantial portion of the *Sherman* Plaintiffs have been and are egregiously forced to decide to forego bathroom breaks *completely,* and by default, their rest breaks as well, out of sheer fear of termination for failure to meet production quotas.

These issues are the *primary and singularly unique* factual claims that are the underpinning of the *Sherman* Plaintiffs legal claims. The foregoing described actions, working conditions and policies of Amazon have consequently invoked the *Sherman* Plaintiffs' wage and hour claims for Failure to Pay Reporting Time Pay; (IWC No. 9 Section 5); Failure to Pay All Wages When Due (*Lab. Cod*. Section 204); for Rest and Meal break violations; (*Lab. Cod*. Section IWC No., 9-2001) wage statement violations (*Lab. Cod*. Section 226); failure to maintain Records of Hours Worked (*Lab. Cod*. Section 1174(d)); Failure to pay all wages due upon termination; UCL claims under CA *Bus & Prof. Code* Section 17200 et seq. On April 18, 2019 a PAGA notice was filed and the *Sherman* representative PAGA Plaintiffs intend to seek leave of the Court to amend their complaint to add a PAGA claim.

## II. PROCEDURAL FACTS

1. The *Sherman* Plaintiffs' complaint was filed at Orange County Superior Court on June 6, 2019.

2. Defendant, Amazon.Com Services, Inc. removed the matter to the U.S. District Court – Central District, Southern Division on July 5, 2019.

3.  Since the initiation of the *Sherman* class action on June 6, 2019, counsel for the *Sherman* Plaintiffs and counsel for Amazon have been actively engaged in the exchange and review of information, records and documents relative to the *Sherman* claims.

4.  On August 7, 2019 counsel for the *Trevino* Plaintiff, joined by counsel for the other Plaintiffs in the *Trevino* consolidated class action currently pending in the U.S. District Court – Eastern District of California (the *Ward* and *Quinteros* Plaintiffs, the *Avalos* Plaintiff, the *Palma* Plaintiff; and the *Hagman* and *Gianini* Plaintiffs) (hereinafter, the "*Trevino* Class Action") filed the instant motion to intervene for limited purpose of seeking a stay and the corresponding motion to stay.

### III.   ARGUMENT

Initially it should be noted that the *Sherman* Plaintiffs were not aware of the consolidated *Trevino* action pending in the Eastern District until July 22, 2019, when counsel for the Avalos Plaintiffs in the consolidated *Trevino* action sent *Sherman* Plaintiffs' counsel a meet and confer correspondence indicating their intention to bring the present motion to intervene and seek a stay of the *Sherman* case.  Of course, Defendant, Amazon has been aware of the Trevino consolidated action pending in the Eastern District the entire time.  Tellingly, Amazon waited to file a Notice of Related Case until August 19, 2019—the very day Sherman's present opposition was due. Pursuant to L.R. ***83-1.3.1*** "It shall be the responsibility of the parties to promptly file a Notice of Related Cases ***whenever two or more civil cases <u>filed in this District</u>*** (a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges." (Emphasis added) The consolidated Trevino class action is pending in the U.S. District Court, Eastern District and not in the same district as Sherman – the U.S. District Court -  Central District.  Nonetheless, a side by side comparison of the *Trevino* and the *Sherman* class actions, reveals there are no common operational facts as between the two that would compel a determination that these cases "arise from the

same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact."  Apart from litigants suing the same defendant, any commonality between the two class actions ends right there. As further discussed herein, the facts, the proposed classes and claims are different and distinct.

**A. *Trevino* Does Not Meet the Requirements for Intervention by Right**

Based on *FRCP* Rule 24(a) to intervene by right, an applicant must 1.) file a timely application; 2.) possess a significantly protectable interest relating to the property or transaction that is the subject of the action, 3) be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest, and 4) be inadequately represented by existing parties. *California ex rel. Lockyear v. United States*, 450 f.3d 436, 441 (9th Cir. 2006) citing *Sierra Club v. E.P.A.* 995 F.3d 147, 1481 (9th Cir. 1993).  We do not oppose the timeliness of the motion which was filed within eight weeks of Amazon's removal of the *Sherman* case to the federal court.  Regarding the second requirement however, *Trevino* fails as a proper intervenor.  First, there is neither "property" nor a transaction at issue and an expectation or interest in the outcome of the litigation alone is insufficient.  Further, disposition of the *Sherman* matter will not impede the *Trevino* Plaintiffs nor the *Trevino* putative class members' ability to protect their interests.  The fatal blow to their Motion however, is because there is no relationship between the *Trevino* Plaintiffs' legally protected interest in their claims and the *Sherman* Plaintiffs' claims. (See *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).  *Trevino* is only able to satisfy this second critical requirement *if, and only if*, the resolution of the *Sherman* Plaintiffs' claims, will actually affect the *Trevino* Plaintiffs' claims.

The burden of proof rests upon *Trevino* to establish all relevant facts necessary to the Motion.  Motions must be supported by evidence and evidence at law and motion is offered by declaration or judicial notice.  Evidence is "testimony, writings, material objects or other things present to the senses that are offered to prove the existence or

non-existence of a fact." (*Evid. Code* Section 3.1306(a), (c).  Many of the *Trevino* statements that appear to be factual in their moving papers are entirely lacking in actual factual support.  No evidence in support of the Declaration of Shawn C. Westrick (Counsel for the Hagman and Gianini Plaintiffs Declaration) in support of the motion to intervene is offered at all, reducing many of his statements to speculation and conjecture. Mr. Westrick's declaration is riddled with surmise and bald speculative assertions that (e.g. there is a *chance* that an adverse ruling *could* be used against the *Trevino* Plaintiffs [Westrick Decl. ¶ 29];  or "… an *opportunity* for Defendants to … leverage the *Sherman* action and *potentially* conduct a reverse auction…" [Westrick Decl. ¶ 34];  or, "Allowing the *Sherman* matter to proceed separately….leaves the *possibility* of conflicting decisions between the Eastern District and Central District." [Westrick Decl. ¶ 39] *which might* "complicate" the litigation of the *Trevino* Plaintiffs. [Westrick Decl. ¶ 40]). (emphasis added) Yet, *Trevino* offers this Court no evidence to support these assertions.

For reasons obvious, an "applicant must do more than show that his interests will be affected in some incidental manner...  He must demonstrate that there is an actual tangible threat to a legally cognizable interest to have a right to intervene." *United States v. Perry County Bd. of Educ.,* 567 F.2d 277, 279 (5th Cir.1978) Here, the *Trevino* Plaintiffs have not identified or demonstrated any actual existing tangible threat. Instead they speculate wildly what  "might"  "may" or "could" happen and posit their *as-of-yet,* unrealized concerns of potential, but-not-yet-actual harms (e.g. that an adverse ruling in *Sherman might* be used or somehow leveraged against the *Trevino* Plaintiffs, with no substantiating evidence of how that would be a credible threat, as a decision in this District is not binding on the other) or what Amazon *might intend* or *may* or may not do in the *Trevino* action. *Trevino* insists that Amazon is using *Sherman* to engage in forum shopping, because they have filed motions to stay in other cases, but not here – coupled by the fact that *Trevino* is currently opposing Amazon's pending motion to change venues. Whatever factors are involved in Defendant's motion to

1   change venues in the Eastern District Court are for that court alone to consider and

2   Amazon will either prevail or fail in meeting its burden to show why the *Trevino*

3   Plaintiffs' choice of forum should be disturbed.  Any delay occasioned by that motion is

4   not an impairment that was visited by the initiation of the *Sherman* class action and thus

5   it makes no sense for this Court to stay the *Sherman* action while *Trevino* litigants

6   continue to conduct their own, unrelated litigation in the Eastern District Court.

7        The *Trevino* motion over-generalizes Plaintiffs claims, giving the misimpression

8   that there is a substantial similarity between the *Trevino* and *Sherman* class claims.

9   *Trevino*'s reliance on the *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F. 2d 857, 863 (9th

10  Cir. 1979) in this regard is unavailing, as here there is no alignment of the parties

11  claims; and the resolution of issues in one case are not derivative of or dependent on the

12  resolution of the issues in the other. Factually and legally, the *Trevino* class claims play

13  no role and thus have no interest whatsoever, in *Sherman's* core claims as to whether or

14  not Amazon violated IWC No. 9 in failing to pay reporting time pay to the *Trevino*

15  Plaintiffs or its putative class members. *Sherman's* second core factual and legal claims

16  relate to Amazon's strict quota policy and has no impact upon the *Trevino* Plaintiffs'

17  and its putative members claims.  *Sherman's* challenges as to these specific policies and

18  practices by Amazon mean as a practical matter that in large and substantial part, the

19  *Sherman* lawsuit will not be litigating the *Trevino* class action issues.  Thus *Trevino*

20  possesses no significant protectable interest as to these issues and the inquiry of

21  intervention as a right, fails.

22       The final requirement is to determine whether adequate representation exists. The

23  Court must consider whether the *Sherman* Plaintiffs will make all of the potential

24  intervenor's arguments and whether they are capable of and willing to make such

25  arguments and whether the intervenor [*Trevino*] would add some necessary element to

26  the *Sherman* suit that would otherwise be neglected.  *California v. Tahoe Reg.'l*

27  *Planning Agency* 792 F. 2d 775, 778 (9th Cir. 1986) As discussed, because there are

28

only, at most, nominal similarities between the two cases there is no actual tangible

threat to the *Trevino* Plaintiffs were the cases to remain separate.

### B.      The First to File Rule Does Not Apply.

The rule was designed to determine the venue of identical lawsuits filed by the

same litigants on the date of the filing of the complaint. "Absent an exception to the

first-to-file rule, a court of second-filing will defer to a court of first-filing, if the two

matters before them exhibit chronology, identity of parties, and similarity of issues.

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.* 544 F. Supp. 2d 949, 957 (N.D.

Ca. 2008).  There is a strong presumption across federal circuits that favors the forum of

the first-filed suit under the first-filed rule.  Normally sound judicial administration

would indicate that **when two identical actions are filed in courts of concurrent**

**jurisdiction**, the court which first acquired jurisdiction should try the lawsuit and no

purpose would be served by proceeding with the second action." *Id.* (emphasis added)

This doctrine specifically addresses the situation in which two parties (a plaintiff and a

defendant) sue each other but in different forums.  The Rule is applied to determine

which forum will handle the matter.  Under the Rule, the first to file the complaint

receives priority as to the location of the forum.  Factually, the Rule has no application

in this case.  Plaintiffs and Defendant did not file two separate actions against one

another in differing districts, which would require adjudication to determine the proper

court to handle the matter.  Indeed, the procedural background and the claims in this

case does not fit the above mold at all.  The *Sherman* Plaintiffs filed a lawsuit against

Amazon in state court.  Amazon removed this matter and now *Trevino* attempts to use

the Rule to intervene and stay this matter, in which they have no interest to protect, as

there are different named parties, different putative classes, with distinctly different

class claims which only marginally overlap.  The *Trevino* Plaintiffs have not produced

any competent evidence that the *Sherman* putative class members are identical to the

members of the *Trevino* putative class, nor has the *Trevino* class action even been

certified yet.  Any perception or claim of overlap is simply not true as violations of the

Labor Code asserted in *Sherman are not* based upon the same actions or practices of the Defendant.

## C. Not all of the Causes of Action in *Sherman*'s Complaint Are Present in the Complaints filed by the *Trevino* Plaintiffs.

The causes of action brought by the Plaintiffs in the *Trevino* consolidated action in the Eastern District are substantially different from the issues presented in the *Sherman* matter.   The *Trevino* class claims were brought on an entirely different factual basis.  (See *Trevino* FAC, attached as **Exhibit A** to Decl. of Jacob N. Whitehead, concurrently filed herewith.)  In *Trevino*, the core of Plaintiffs' wage claims are based on facts that bear zero resemblance to the *Sherman* Plaintiffs' claims. In *Trevino* we see a repeated thread of factual claims in support of their claims for damages, attributable to Amazon's detrimental rounding down practices; invalid or inoperative alternative workweek schedules and failure to compensate workers for time spent going through Amazon's security check procedures when entering and leaving Amazon's work facilities. [*Trevino* FAC ¶ 3, 32-33; 35-38; 43, 45] These alleged factual practices by Amazon *aren't anywhere mentioned in or a part of the Sherman Plaintiffs' class claims.* Any seeming overlap in *Sherman* derive from an entirely different set of facts from those alleged *Trevino.*   An employee may sustain similar damages or losses proximately caused by an entirely different set of actions by the same defendant. Such is the case here. While there are inaccurate wage statement claims present in both of the class actions, the *Trevino* action alleges faulty wage statements that failed to include a line item for total hours worked and because of Amazon's alleged unlawful rounding down practices. This is a claim unique to the *Trevino* class action.  Also separate and unique are the *Trevino* class claims for waiting time penalties in their fifth claim for relief pursuant to *Labor Code* Section 203.  [*Trevino* FAC ¶ 67-69].   In contrast, the *Sherman* class claims for waiting time penalties are non-equivalent as they derive from Amazon's systematic failure to pay reporting time pay. There is no factual commonality between the claims at all; which means they will be tried and adjudicated on an entirely

separate set of facts and evidence. In addition, in *Sherman* the net consequence of Amazon's strict quota policies resulted in unpaid premium pay wages that were never paid during any given pay period during the term of the *Sherman* Plaintiffs' employment giving rise to the other unique and singular *Sherman* class claim (**not** present in the Trevino action), for violation of *Labor Code* Section 204, further demonstrating the dissimilarities of the interests sought to be protected in the two class actions.

Importantly, the *Sherman* Complaint (attached as **Exhibit B** to the concurrently filed Decl. of J. Whitehead ISO Sherman's Opposition to the Mot.) includes three distinctly different causes of action which are not present in the *Trevino* Class Action. (J. Whitehead Decl. ¶ 5 and **Exhibit C** thereto).  They are:  1.) the primary and first claim for relief for Amazon's failure to pay reporting time pay; and 2.) the claims for relief under *Labor Code* Section 204; and 3.) claims for Failure to Provide Suitable Resting Facilities under *IWC* 9-2001.  Even the penalties sought for these claims are unique to the *Sherman* class action and relate specifically to these three non-overlapping claims only (e.g. penalties provided in Section 20 of Wage Order. No. 9; *Labor Code* Section 210 penalties for violation of *Labor Code* Section 204; and *Labor Code* Section 226 (e) for failure to pay reporting time pay.   Since the Plaintiffs' claims in the *Sherman* and *Trevino* class actions are not substantially similar, the Court should deny the *Trevino* motion in its entirety.

A party has the right – protected by the United States Constitution to choose one's own counsel.  *Wheat v. U.S.* 486 U.S. 153, 159 (1988).   A Plaintiff is normally the master of their lawsuit in selecting not only their own counsel, but also in selecting the venue, when more than one is available, selecting the parties, determining when to file suit within the statute of limitations, identifying the various causes of action and so on.  The Defendant is entitled to identify the affirmative defenses, determine whether to demur or answer, to counter or cross-claim and to take other defensive and some affirmative steps.  All these decisions are best made in meetings between counsel and

their clients, perhaps aided by confidential consultants or experts.  Intervenors have rights to file briefs and pleadings, to appeal and to seek attorney fees and may well exercise these rights in ways that or inconvenient and even harmful to the original Plaintiffs with whom the intervenor is only nominally aligned. Whitehead Employment Law was retained by the *Sherman* Plaintiffs to represent their legal interests against Amazon.  By allowing the *Trevino* Plaintiffs to intervene for purposes of staying their action, would not only be severely prejudicial to the *Sherman* Plaintiffs, but they would be denied their fundamental rights to file and pursue their own, non-competing, non-duplicative claims.  "… all important, the intervention must be denied if the reasons therefor, 'are outweighed by the rights of the original parties to conduct their lawsuit on their own terms." *In re Paul W*. 151 Cal. App. 4th 37, 57 (6th Circ. 2007) citing *Fireman's Fund Ins. Co. v. Gerlach* 56 Cal. App.3d 299,303 (1st Dist. 1976). Intervention must not unduly prejudice or delay the adjudication of the rights of the original parties (*Royal Indemnity Co. v. United Enterprises, Inc*. 162 Cal. App.4th 194 (4th Dist. 2008). Granting a stay will delay resolution of this case and will further extend the ongoing harm to the *Sherman* Plaintiffs under Amazon's present unlawful policies and practices. Intervention and the request for a stay is inappropriate.

## IV.    CONCLUSION

In accordance with the foregoing points and authorities and concurrent arguments and objections to *Trevino*'s unsupported assertions, Plaintiffs respectfully request that the *Trevino* motion to intervene and concurrently filed motion to stay the proceeding be denied in their entirety.

DATED: August 19, 2019              WHITEHEAD EMPLOYMENT LAW

By: _____
Jacob Whitehead
Attorneys for Plaintiffs,
and the Putative Class Members