MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800
Facsimile:   949.451.4220

KATHERINE V.A. SMITH, SBN 247866
  ksmith@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

*Attorneys for Defendant*
AMAZON.COM SERVICES LLC,
formerly known as, AMAZON.COM
SERVICES, INC.

JACOB N. WHITEHEAD, SBN 266123
  jacob@jnwpc.com
WHITEHEAD EMPLOYMENT LAW
15615 Alton Parkway, Suite 175
Irvine, CA  92618
Telephone:  949.936.4001
Facsimile:  949.450.1588

BRIAN D. CHASE, SBN 164109
  bchase@bisnarchase.com
JERUSALEM F. BELIGAN, SBN 211258
  jbeligan@bisnarchase.com
IAN M. SILVERS, SBN 247416
  isilvers@bisnarchase.com
BISNAR | CHASE LLP
1301 Dove Street, Suite 120
Newport Beach, CA 92660
Telephone: (949) 752-2999
Facsimile: (949) 752-2777

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| TREVION SHERMAN *et al.*, each individually on their own behalf and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>AMAZON.COM SERVICES, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>           Defendant. | CASE NO. 8:19-cv-01329-JVS-SHK<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. James V. Selna<br>Courtroom 10C<br><br>Complaint Filed:    June 6, 2019<br>Trial Date:        March 2, 2021 |

Gibson, Dunn &
Crutcher LLP

**IT IS HEREBY STIPULATED**, pursuant to Rule 26 of the Federal Rules of Civil Procedure, by and between Plaintiffs and Defendant Amazon.com Services LLC, formerly known as Amazon.com Services, Inc. (collectively, the "Parties"), by and through their respective undersigned counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties respectfully request that the Court sign and enter the [Proposed] Order following this Stipulated Protective Order to govern the production of documents and the conduct of discovery in this Action.

## 1.    A.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

### B.    GOOD CAUSE STATEMENT

This Action is likely to involve the personnel files, schedules, timekeeping and payroll records, performance metrics and/or production quotas of Plaintiffs and putative

STIPULATED PROTECTIVE ORDER

class members, Defendant's employment policies and procedures, and other valuable commercial, financial, and/or proprietary information of Defendant for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for the motion for class certification and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. <u>DEFINITIONS</u>

2.1 **<u>Action</u>:** This pending federal lawsuit – *Sherman et al. v. Amazon.com Services, Inc. et. al*, No. 8:19-cv-01329-JVS-SHK.

2.2 **<u>Challenging Party</u>:** a Party or Non-Party that challenges the designation of information or items under this Order.

STIPULATED PROTECTIVE ORDER

Gibson, Dunn & Crutcher LLP

2.3    **"CONFIDENTIAL" Information or Items:**  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    **Counsel:**  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    **Designated House Counsel:**  House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.6    **Designating Party:**  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7    **Disclosure or Discovery Material:**  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    **Expert:**  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9    **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10   **House Counsel:**  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

STIPULATED PROTECTIVE ORDER

Gibson, Dunn &
Crutcher LLP

2.11  **Non-Party:**  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12  **Outside Counsel of Record:**  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13  **Party:**  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14  **Producing Party:**  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15  **Professional Vendors:**  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16  **Protected Material:**  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17  **Receiving Party:**  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their

5

STIPULATED PROTECTIVE ORDER

Gibson, Dunn &
Crutcher LLP

Counsel that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken or inapplicable designation.

STIPULATED PROTECTIVE ORDER

Gibson, Dunn & Crutcher LLP

5.2   **Manner and Timing of Designations.**   Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all the documents or material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

STIPULATED PROTECTIVE ORDER

Gibson, Dunn & Crutcher LLP

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party shall either (1) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, or (2) designate the entirety of the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (before the proceedings is concluded) with the right to identify more specific portions of the testimony as to which protection is sought within 30 days following receipt of the deposition transcript.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    **Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    **Timing of Challenges**.    Any Party or Non-Party may challenge a designation of confidentiality as soon as practicable so as not to prejudice or harm the opposing party or otherwise disrupt the litigation.

6.2    **Meet and Confer**.    The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3    **Judicial Intervention**.  If the Parties cannot resolve a challenge without court intervention, the Parties will follow the judicial intervention procedure set forth in

8

Gibson, Dunn & Crutcher LLP

Civil Local Rule 37-2.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  Unless and until the Designating Party has waived the confidentiality designation by failing to file a request to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 **Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and for no other purposes and no other client.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 **Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary

STIPULATED PROTECTIVE ORDER

Gibson, Dunn &
Crutcher LLP

to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) (i) to whom disclosure is reasonably necessary for this Action and (ii) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3 **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.**  Unless otherwise ordered by the Court or permitted in

10

STIPULATED PROTECTIVE ORDER

writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     Designated House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) (i) to whom disclosure is reasonably necessary for this Action and (ii) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information; and

(h)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

## 8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

STIPULATED PROTECTIVE ORDER

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

      (a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

      (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

      (a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

12

STIPULATED PROTECTIVE ORDER

Gibson, Dunn &
Crutcher LLP

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to

13

Gibson, Dunn &
Crutcher LLP

whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B)—the Receiving Party shall promptly destroy or return the inadvertently produced material, and all copies thereof.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

**12.    MISCELLANEOUS**

12.1    **Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    **Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    **Filing Protected Material.**  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested

persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal pursuant to Local Rule is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**13.    FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15

STIPULATED PROTECTIVE ORDER

Gibson, Dunn &
Crutcher LLP

**14.**     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED.**

Dated:  January 30, 2020

MICHELE L. MARYOTT
KATHERINE V.A. SMITH
GIBSON, DUNN & CRUTCHER LLP

By:        /s/   Michele L. Maryott
                  Michele L. Maryott

Attorneys for Defendant
AMAZON.COM SERVICES LLC, formerly known as AMAZON.COM SERVICES, INC.

Dated:  January 30, 2020

JACOB N. WHITEHEAD
WHITEHEAD EMPLOYMENT LAW

By:        /s/ Jacob N. Whitehead
                  Jacob N. Whitehead

Attorneys for Plaintiffs

Dated:  January 30, 2020

BRIAN D. CHASE
JERUSALEM F. BELIGAN
IAN M. SILVERS

16

STIPULATED PROTECTIVE ORDER

Gibson, Dunn &
Crutcher LLP

1

BISNER | CHASE LLP

2

3

By:      /s/ Jerusalem F. Beligan

4

Jerusalem F. Beligan

Attorneys for Plaintiffs

5

6

**SIGNATURE ATTESTATION**

7

8

      I, Michele L. Maryott, hereby attest that all other signatories listed, and on

9

whose behalf this stipulation is submitted, concur in the content of the stipulation and

have authorized its filing.

10

Dated:  January 30, 2020

11

12

By:  /s/ Michele L. Maryott

13

Michele L. Maryott

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

Gibson, Dunn &
Crutcher LLP

1

## <u>ORDER</u>

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: __January 31_____, 2020

By: _____

Hon. Shashi H. Kewalramani
U.S. Magistrate Judge

18

STIPULATED PROTECTIVE ORDER

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [insert full name], of

_____ [insert address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the U.S. District Court for the Central District of California on

_____[date] in the case of *Trevion Sherman et al. v. Amazon.com Services, Inc. et.*

*al.*, Case No. 8:19-cv-01329-JVS-SHK. I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the

Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

Action.   I hereby appoint _____ [insert full

name] of _____

[insert address and telephone number] as my California agent for service of process in

connection with this Action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER

Gibson, Dunn &
Crutcher LLP